Clarissa A. Kang, SBN 210660
ckang@truckerhuss.com
Michelle L. Schuller, SBN 255787
mschuller@truckerhuss.com
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111
Telephone:   (415) 788-3111
Facsimile:   (415) 421-2017

Attorneys for Plaintiff
SAVE MART SUPERMARKETS

Roger A. Moore, Esq. SBN: 146375
rramlaw007@aol.com
Law Offices of Roger A. Moore
A Professional Corporation
2291 West March Lane, Ste. A-102
Stockton, California 95207
Telephone: (209) 957-0007
Facsimile: (209) 957-9007

Attorney for Defendant
STEPHEN ESCOBAR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SAVE MART SUPERMARKETS,<br><br>        Plaintiff,<br><br>    vs.<br><br>STEPHEN ESCOBAR,<br><br>        Defendant. | Case No.: 1:11-CV-01685-LJO-GSA<br><br>**STIPULATION OF SETTLEMENT AND DISMISSAL WITHOUT PREJUDICE** |

      This Stipulation of Settlement (the "Stipulation" or "Agreement"), dated as of August 16, 2012, is made and entered into by and between Save Mart Supermarkets ("Save Mart" or "Plaintiff") and Stephen Escobar ("Defendant") (collectively, the "Parties") with the intention to fully, finally and forever resolve the matters addressed in this Stipulation. The Parties hereby agree

to settle this matter based upon the terms of this Stipulation and the accompanying Exhibit A and request that this Court approve the terms of this Stipulation as set forth herein.

## I. BACKGROUND

Save Mart Supermarkets ("Save Mart") is the plan administrator and named fiduciary for the Save Mart Supermarkets 401(k) Company Match Plan (the "Plan").

On or around March 29, 2010, Mr. Escobar received from the Plan a lump sum distribution in the amount of $39,525.52, which exceeded the amount to which he was entitled to under the final qualified domestic relations order in his marital dissolution proceeding (the "Final Order"). Despite Save Mart's requests for reimbursement, Mr. Escobar refused to reimburse the Plan in the amount of the overpayment totaling $19,693.33.

As a result of Mr. Escobar's refusal to reimburse the Plan, Plaintiff filed this lawsuit on October 5, 2011, in the United States District Court for the Eastern District of California (the "Action"). The Complaint asserted claims against Stephen Escobar for violation of the Section § 502(a)(3), 29 U.S.C. § 1132(a)(3), of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), for failure to reimburse the Plan.

Defendant has denied and continues to deny any liability or wrongdoing in connection with any of the matters at issue in the Action. Nevertheless, Defendant and Plaintiff have concluded that it would be in their respective best interests to settle this Action on the terms set forth below in order to avoid the further expense and risk of burdensome litigation and to put to rest all controversies arising from the overpayment.

## II. TERMS OF STIPULATION OF SETTLEMENT.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth below, it is hereby stipulated and agreed by and between the Parties, subject to the approval of the Court, that this matter shall be finally and fully compromised, settled and released, and this matter shall be dismissed without prejudice upon the terms and conditions of this Stipulation.

A. Defendant shall pay to Plaintiff a principal amount equal to $45,000.00 (the "Principal Settlement Amount") plus interest accruing from August 16, 2012 as set forth herein.

B.   The unpaid balance of the Principal Settlement Amount shall accrue interest annually at a rate of 3% (commencing August 16, 2012 and calculated on the outstanding balance at the first of each month) and Defendant shall pay Plaintiff the Principal Settlement Amount and accrued interest at a rate of $200.00 per month commencing October 1, 2012 and due at the first of each month thereafter until paid in full in accordance with the schedule attached hereto as Exhibit A.

C.   Any monthly payment not made in accordance with Exhibit A (or any payment not paid in advance of the scheduled payment required under Exhibit A) shall be delinquent, and Defendant shall be in default.

D.   In the event that Defendant is in default, Plaintiff will provide notice of default to Defendant.  Notice of default may be provided by email, facsimile or other reasonable means, and any such communication to Defendant's counsel or Defendant personally shall constitute sufficient notice.  If Defendant has failed to cure such default within 10 days of receipt of such notice, then Plaintiff is entitled to entry and enforcement of judgment against Defendant.

E.   Defendant shall interpose no objections or opposition to Plaintiff's efforts to enter judgment against Defendant in such event, and the Plaintiff shall also be entitled to reasonable attorney's fees and costs incurred in entering judgment.

F.   Defendant must communicate any changes of address and phone number to Plaintiff as long as the Principal Settlement Amount is outstanding and that any failure to provide this information will be considered a default and material breach of the terms of this Stipulation.

G.   Defendant may pay any portion of the Principal Settlement Amount in advance on the payment schedule set forth in Exhibit A.  In the event that Defendant prepays any portion of the Principal Settlement Amount, then the payment schedule in Exhibit A shall no longer be applicable, and interest at the rate of 3% per annum shall be calculated at the first of each month thereafter on, and added to, the unpaid balance of the Principal Settlement Amount.

H.   In the event of a judicial disapproval of the Stipulation in whole or in part, the Stipulation shall be null and void and without further force and effect.

I.    It is further stipulated and agreed that the terms of this Stipulation shall be binding on the heirs, successors, and assigns of the Parties to this action.

J.    The Parties acknowledge that they have each had the opportunity to be represented by independent counsel of their own choice throughout all of the negotiations that preceded the execution of this Stipulation. The Parties further acknowledge that they have had adequate opportunity to perform whatever investigation or inquiry each deemed necessary in connection with the subject matter of this Stipulation prior to its execution and agree with the delivery and acceptance of the consideration specified in this Stipulation.

K.    This Stipulation may be executed in counterparts, which taken together shall constitute the Stipulation and be binding upon and effective as to all Parties hereto.

L.    The Parties hereto mutually state that they have read the foregoing Stipulation and are fully aware of its contents and legal facts. This Stipulation constitutes the entire agreement of the Parties and is entered into on the dates indicated below.

M.    Except as specifically stated herein, each party shall bear its own costs and attorney's fees.

N.    The Court will retain jurisdiction to enforce this Stipulation.

IT IS SO STIPULATED.

DATED: October 10, 2012

By: /s/Stephen Escobar
Stephen Escobar
Defendant

DATED: October 11, 2012

LAW OFFICES OF ROGER A. MOORE

By: /s/Roger A. Moore
Roger A. Moore
Attorneys for Defendant
STEPHEN ESCOBAR

1 DATED: October 15, 2012

                By: /s/James M. Cipolla
                    James M. Cipolla
                    Vice President Real Estate & General Counsel
                    SAVE MART SUPERMARKETS

6 DATED: October 15, 2012

                TRUCKER ✦ HUSS

                By: /s/Clarissa A. Kang
                    Clarissa A. Kang
                    Attorneys for Plaintiff
                    SAVE MART SUPERMARKETS

PURSUANT TO STIPULATION, IT IS SO ORDERED. The Clerk of the Court is directed to close out this action in its entirety.

IT IS SO ORDERED.

    Dated: **October 16, 2012**                **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE